IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**MILTON HENDERSON-STUCKEY, Individually**   **PLAINTIFF**
**and on Behalf of All Others Similarly Situated**

vs.                                  No. 4:19-cv-4133-SOH

**AMERICAN HERITAGE APARTMENTS, INC.,**   **DEFENDANTS**
**AMERICAN HERITAGE ENTERPRISES-CHAPEL**
**RIDGE, LLC, and WILLIAM WEITZEL**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Milton Henderson-Stuckey ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants American Heritage Apartments, Inc., American Heritage Enterprises-Chapel Ridge, LLC, and William Weitzel (collectively "Defendants"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff, individually and on behalf of all other similarly situated employees within the three-year period preceding the filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of

Defendants' failure to pay Plaintiff and all other hourly-paid employees who lived on-premises lawful overtime compensation for hours in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claim under the AMWA forms part of the same case or controversy and arises out of the same facts as the FLSA claims made herein. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business in this District and a substantial part of the events alleged herein occurred in this District.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is a citizen and resident of Miller County.

10. At all times material hereto, Plaintiff was entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*

15. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and the AMWA.

16. Separate Defendant American Heritage Apartments, Inc. ("AHA"), is a foreign nonprofit corporation headquartered in Texarkana, Arkansas, with offices and apartment complexes throughout the southeast United States, including this judicial district.

17. AHA's registered agent for service is William D. Weitzel at 2301 Arkansas Boulevard, Texarkana, Arkansas 71854.

18. Separate Defendant American Heritage Enterprises-Chapel Ridge, LLC (AHECR), is a limited liability company formerly registered to do business in Arkansas, although its status is presently not current.

19. AHECR's registered agent for service is American Heritage Apartments, Inc., at 4717 County Avenue, Texarkana, Arkansas 71854.

20. Separate Defendant William D. Weitzel ("Weitzel") is a citizen and resident of the state of Arkansas.

21. Weitzel is the owner, principal, officer, and/or director of both AHA and AHECR.

22. Weitzel manages and controls the day-to-day operations of both AHA and AHECR, including but limited to the decision to not pay Plaintiff to not pay Plaintiff a sufficient premium for work in excess of forty (40) hours per week.

23. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

24. Upon information and belief, the revenue generated from the apartment complexes was merged and managed in a unified manner.

25. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

26. Defendants are joint employers within the meaning of the FLSA.

27. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

28. Defendants have at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

29. Within the past three (3) years preceding the filing of this Complaint, Defendants continuously employed at least four employees.

### IV. FACTUAL ALLEGATIONS

30. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

31. Plaintiff was hired by Defendants as an hourly employee at one of Defendants' apartment complexes during the three years preceding the filing of this

Complaint.

32. Specifically, Plaintiff worked as a maintenance technician from June of 2019 until October of 2019.

33. During Plaintiff's employment, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA and the AMWA and paid Plaintiff an hourly wage.

34. During Plaintiff's employment, Plaintiff was responsible for maintenance, especially HVAC maintenance, as well as repair and general upkeep of Defendants' apartment complexes.

35. Plaintiff was scheduled to work forty (40) hours Monday through Friday, in addition to being "on call" in the evening on alternate weeks and alternate weekends.

36. Plaintiff was required to report to work ten minutes before his shift began.

37. Defendant did not account for this additional "off the clock" time when calculating Plaintiff's hours.

38. When Plaintiff was on call, he was required to respond to tenant requests at all hours of the day or night.

39. Defendants included the call-out time in Plaintiff's recorded hours.

40. Including both the off-the-clock work before his shift and the time spent responding to tenant requests when he was on call, Plaintiff regularly worked more than forty (40) hours per week.

41. Plaintiff and all other hourly-paid employees who lived on-premises were classified as hourly employees and paid an hourly rate.

42. Plaintiff and other hourly-paid employees who lived on-premises were

given a rent discount while living on-premises.

43. Defendants paid Plaintiff and other hourly-paid employees who lived on-premises one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

44. However, Defendants did not include all forms of compensation, such as rent discounts given to Plaintiff and the other hourly-paid employees who lived on-premises in their regular rate of pay when calculating their overtime rate of pay.

33. Section 778.208 of Title 29 of the Code of Federal Regulations requires all forms of compensation, such as rent discounts, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

34. Defendants violated the FLSA and the AMWA by not including all forms of compensation, such as rent discounts for Plaintiff and the other hourly-paid employees who lived on-premises in their regular rate when calculating their overtime pay.

35. Plaintiff worked for Defendants at Defendants' apartment complex in Texarkana, and Defendant's pay practices were the same for all hourly workers at the Texarkana apartment complex.

36. Upon information and belief, the pay practices that violate the FLSA and the AMWA alleged herein were the same at all of Defendants' apartment complexes because the policy was a centralized human resources policy implemented uniformly from Defendants' principal office.

45. Defendants knew or showed reckless disregard for whether the way they paid Plaintiff violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked over forty (40) in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

48. Plaintiff proposes the following class under the FLSA:

**All hourly-paid employees who lived on-premises and worked more than forty hours in any workweek within the last three years.**

49. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

50. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

51. The members of the proposed FLSA class are similarly situated in that they share these traits:

    A. They received a rent credit from Defendants;

    B. They were subject to Defendants' common policy of calculating their overtime premium based on their hourly wage rather than their total earnings; and

    C. They worked more than forty (40) hours in any week within the three-year period preceding this lawsuit.

52. Plaintiff is unable to state the exact number of the class but believes that the class exceeds twenty (20) persons.

53. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

54. The names and physical and mailing addresses of the members of the putative class are available from Defendants.

55. The email addresses of the members of the putative class are available from Defendants.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

54. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

55. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

56. Defendants failed to pay Plaintiff one and one-half (1.5) times his regular rate for all hours worked over forty (40) per week.

57. Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including rent discounts, for Plaintiff in his regular rate when calculating his overtime pay.

58. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

59. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

60. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

61. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

62. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

63. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

64. Defendants classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

65. Defendants failed to pay Plaintiff and similarly situated employees one and one-half (1.5) times their regular rate for all hours worked over forty (40) per week.

66. Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as rent discounts, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

67. In the past three years, Defendants have employed more than twenty (20) hourly-paid employees who lived on-premises.

68. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

69. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages, and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

70. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

71. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

72. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

73. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

74. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

75. Defendants failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

76. Defendants' failure to include the rent discounts in Plaintiff's overtime pay resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

77. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

78. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

79. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Milton Henderson-Stuckey respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A. That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. A declaratory judgment that Defendants' practices violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

C. A declaratory judgment that Defendants' practices violate the AMWA and the related regulations;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

F. Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

G. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

H.     Judgment for liquidated damages pursuant to the AMWA and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

I.     An order directing Defendants to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**MILTON HENDERSON-STUCKEY,
Individually and on Behalf of All
Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com